UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| **MATTHEW HELDE, CRYSTAL HELDE, SHANE HELDE, SLADE HELDE,** each individually and through the **ESTATE OF DONALD HELDE**, through its Personal Representative, **JEAN VELO**,<br><br>Plaintiffs,<br><br>v.<br><br>**A & K LOGISTICS, INC.**, a Pennsylvania corporation, **PHILLIPS FEED SERVICE, INC,** a Pennsylvania corporation, **BRYON K. ANGLE**, and UNKNOWN DEFENDANTS A – D, jointly and severally,<br><br>Defendant | Civ. 22-5072<br><br><br>**COMPLAINT** |

Plaintiffs, Matthew Helde, Crystal Helde, Shane Helde, Slade Helde, each individually and through the Estate of Donald Helde, through its Personal Representative, Jean Velo, (collectively "Heldes"), for their causes of action against Defendants, A & K Logistics, Inc. ("A & K"), a Pennsylvania corporation, Phillips Feed Service, Inc. ("Phillips"), a Pennsylvania corporation, and Bryon K. Angle ("Angle"), jointly and severally allege:

## INTRODUCTION

1. This action arises from the fatal injuries suffered by Donald Gene Helde ("Donald") on February 11, 2021, while traveling on U.S. Highway 85, near mile post 69 north of Belle Fourche, Butte County, South Dakota. He was killed when Angle, driving a tractor/semi-trailer unit operated by A & K, Inc., crossed the median/centerline, causing a head-on collision with Donald, who died at the scene from his injuries.

1

## PARTIES

2. Plaintiff Matthew Helde, son of Donald, is a citizen of the state of Minnesota.

3. Plaintiff Crystal Helde, daughter of Donald, was at relevant times a citizen of the state of North Dakota and is now a citizen of the state of South Dakota.

4. Plaintiff Shane Helde, is a son of Donald, is a citizen of the state of Wyoming.

5. Plaintiff Slade Helde also a son of Donald, and is a citizen of the state of North Dakota.

6. On April 7, 2021, the District Court for Burke County, North Dakota, appointed Jean Velo, as Personal Representative of the Estate of Donald Helde.

7. Defendant A & K Logistics is a Pennsylvania corporation, with its principal place of business in the state of Pennsylvania. Upon information and belief, it is authorized to do business in the states of Montana, South Dakota, and elsewhere.

8. Defendant Phillips Feed Service, Inc. is a Pennsylvania corporation, with its principal place of business in the state of Pennsylvania. Upon information and belief, it is authorized to do business in the states other than the state of Pennsylvania. It is believed to have employed Angle at the times relevant to this action.

9. Defendant Bryon K. Angle was, at the time, a citizen of the state of Montana.

10. "Unknown Defendants A – D" are those unknown entities that, at times relevant to this litigation either provided or should have provided supervision to Angle or otherwise committed acts or failed to perform acts that caused in whole or in part, the negligent and/or reckless acts that form the basis of this litigation.

## VENUE AND JURISDICTION

11. The jurisdiction of this Court is invoked under the authority of 28 USC § 1332 in that the Plaintiffs and the Defendants are of diverse citizenship and the amount in controversy, exclusive of interests and costs, exceeds $75,000.

12. Venue in this action is in the District of South Dakota under the authority of 28 USC § 1391 as the negligent acts giving rise to this claim occurred in this district.

## GENERAL ALLEGATIONS

13. On February 11, 2021, at approximately 8:19 am, Defendant Angle was driving a 2017 Freightliner tractor/semi-trailer unit on U.S. Highway 85, 0.34 miles north of mile marker 69 near Belle Fourche, South Dakota.

14. The tractor/semi, owned by Ryder Truck Rental, Inc., was leased to Defendants Phillips, A & K, and/or unknown Defendants.

15. U.S. Highway 85 at this location is a two-lane highway, with a north bound land and a south bound lane.

16. Donald was traveling northbound on U.S. Highway 85 at the time of the collision.

17. Angle, following a South Dakota Department of Transportation snowplow, chose to pass the snowplow without having a clear and safe line of sight.

18. The tractor/semi-trailer unit Angle was operating, collided head-on with the 2015 Acadia driven by Donald.

19. Donald suffered injuries, including fright, terror and mental anguish, and died from his physical injuries at the scene.

20. After Donald's death, counsel for the Plaintiffs delivered a 'Notice of Representation and Preservation of Evidence' letter to A & K, Attention Blaine Phillips,

President, on February 18, 2021.  The Notice directed Phillips, A & K, its principals, and related entities, to preserve all evidence of the crash that claimed Donald's life, including the maintenance and inspection records of Defendants' equipment involved in the crash, Angle's driving history while with A & K or any related entities.  The Notice specifically requested preservation of all electronic data and documents that may be related to the crash.

21. Upon information and belief, Defendants, individually or collectively, have failed to preserve the evidence requested in the February 11, 2021 Notice, and having failed to preserve it, whether by destruction or loss, its thereby prevents Plaintiffs' access to relevant and important data concerning the precise nature of the crash, including but not limited to Angle's actions or inactions immediately before the collision.

## COUNT ONE
## WRONGFUL DEATH
## NEGLIGENCE AND NEGLIGENCE *PER SE*
## (ALL DEFENDANTS)

22. Angle negligently operated the tractor/semi-trailer unit causing the collision with Donald.

23. Angle violated SDCL § 32-26-6, which provides:

On a roadway divided into lanes, a vehicle shall be driven as nearly as practicable entirely within a single lane and may not be moved from such lane until the driver has first ascertained that such movement can be made with safety.  A violation this section is a Class 2 misdemeanor.

24. Angle violated SDCL § 32-26-34:

No driver of a vehicle may drive to the left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made and in safety.  A violation of this section is a Class 2 misdemeanor.

25. Angle violated SDCL § 32-26-40 which provides:

4

The driver of a motor vehicle may not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and condition of the highway.  A violation of this section is a Class 2 misdemeanor.

26. Angle violated SDCL § 32-25-3 which provides:

It is a Class 2 misdemeanor for any person to drive a motor vehicle on a highway located in this state at a speed greater than is reasonable and prudent under the conditions then existing or at speeds in excess of those fixed by this chapter or provided by the Transportation Commission.

27. Angle's operation of the tractor/semi-trailer unit was negligent.

28. The negligence of Angle was the legal cause of the injuries and death suffered by Donald.

29. At all times material, Angle was an agent of A & K, Phillips, and/or unknown entities, acting in the course and scope of his agency and authority of each.

30. As legal cause of the negligent acts and omissions of Angle, Donald suffered grave and life-ending injuries.

31. As a legal result of the negligent acts and omissions of Angle, Plaintiffs Heldes have been wrongfully deprived of their father Donald's companionship, society, advice, economic and non-economic support, and instruction.  In addition, the Estate has been damaged in amount to be determined by a jury.

**COUNT TWO**
**WRONGFUL DEATH**
**NEGLIGENT HIRING/RETENTION**
**(A & K LOGISTICS, PHILLIPS, AND UNKNOWN ENTITIES)**

32. At the time of this occurrence, Angle was employed by A & K, Phillips, and/or unknown entities, and was also considered a statutory employee of A & K, Phillips, and/or unknown entities, by virtue of federal law.

33. At all times material, Angle was an agent of A & K, Phillips, and/or unknown entities, and was acting in the course and scope of his agency and authority.

34. 49 CFR § 376.12 creates a presumption that the tractor/semi was driven within the scope of the authority granted by the carrier, A & K, Phillips, and/or unknown entities, and the tractor/semi was driven within the scope of that authority at the time of this occurrence.

35. 49 CFR § 376.12(j) required the carrier, A & K, Phillips, and/or unknown entities, to maintain insurance coverage for the protection of the public pursuant to FMCSA Regulations under the authority of 49 U.S.C. § 13906.

36. At the time of the occurrence, the tractor/semi displayed the USDOT No. 1094779 that is assigned to A & K, Phillips, and unknown entities.

37. At the time of this occurrence A & K, Phillips, and/or unknown entities, had the authority and the duty to control the operation of the tractor/semi.

38. At the time of this occurrence, Angle was an operator of a commercial motor vehicle who directly affected commercial motor vehicle safety in the course of employment and an employee under 49 USC § 31132(2).

39. At the time of this occurrence, A & K, Phillips, and/or unknown entities, were persons engaged in a business affecting interstate commerce and owned a commercial motor vehicle in connection with that business and assigned an employee to operate it, namely, Angle, and is considered employers under 49 USC § 31132(3)(A), (B).

40. At the time of this occurrence, A & K, Phillips, and/or unknown entities were persons engaged in a business affecting interstate commerce that leased a motor vehicle in connection with that business and are considered employers under 49 USC § 31132(3)(A), (B).

41.  A & K, Phillips, and/or unknown entities retained a right to control the operation of the tractor/semi-trailer unit.

42.  Under the authority of 49 CFR §§ 376.12 and 376.12(c)(1), A & K was required to enter into and perform a lease which provided that A & K "shall assume complete responsibility for the operation of the equipment for the duration of the lease" and that A & K, "shall have exclusive possession, control and use of the equipment for the duration of the lease."

43.  These provisions of law provide that A & K, Phillips, and unknown entities, are legally responsible for negligence of Angle committed in the course and scope of the authority granted by A & K, Phillips, and/or unknown entities, and their employees under the lease.

44.  The negligence of Angle was committed in the course and scope of the authority granted by A & K, Phillips, and/or unknown entities to A & K, Phillips, and unknown entities, and their employees under the lease.

45.  As a legal cause of the negligent acts and omissions of Angle and A & K, Phillips, and/or unknown entities, Donald suffered fatal injuries.

46.  As a legal result of the negligent acts and omissions of Angle and A & K, Phillips, and/or unknown entities, Plaintiff Heldes have been wrongfully deprived of their father Donald's companionship, society, advice, economic and non-economic support, and instruction. In addition, the Estate has been damaged in amount to be determined by a jury.

**COUNT THREE**
**(UNKNOWN DEFENDANTS A – D)**

47.  Unknown Defendants A – D who, at the time of the incident which is the basis of this litigation, either provided supervision or should have provided supervision to Angle, or were otherwise responsible for his safe operation of the Defendants' equipment, which Unknown

Defendants A – D failed to do under circumstances that are negligent, and/or reckless, willful, wanton and/or intentional with regard to the safety and welfare of Donald.

48. Unknown Defendants A – D were generally and specifically aware of and knew the hazards associated with employing drivers of tractor/semi-trailer units in the manner prescribed by applicable law.

49. At and prior to the time of the incident, which is the basis of this litigation, Unknown Defendants A – D, although aware that the hazards in the failing to properly monitor employees, failed to do so with respect to Angle's operation of the tractor/semi-trailer unit that was the cause of the incident which is the basis of this litigation.

50. Having the authority over Angle as an employee, Unknown Defendants A – D had ultimate responsibility for the safety of the public traveling highways in which Angle was operating the tractor/semi-trailer unit.

51. Unknown Defendants A – D negligently and/or recklessly, willfully, wantonly, and/or intentionally disregarded the need to act to prevent Angle from operating the tractor/semi-trailer unit in a manner that created a high probably of serious injury or death to others, such as Donald, traveling public highways upon which Angle was operating. This negligent and/or reckless, willful, wanton and/or intentional misconduct subjects Unknown Defendants A – D to liability.

52. Unknown Defendants A – D's misconduct, acts and failures to act were substantial factors in causing Donald's death.

53. As a legal cause of the negligent acts and omissions of Defendants and/or unknown entities, Donald suffered fatal injuries.

54. As a legal result of the negligent acts and omissions of Defendants and/or unknown entities as set out in this Complaint, Plaintiff Heldes have been wrongfully deprived of their father Donald's companionship, society, advice, economic and non-economic support, and instruction. In addition, the Estate has been damaged in amount to be determined by a jury.

## COUNT FOUR
## PUNITIVE DAMAGES
## (ALL DEFENDANTS)

55. Upon information and belief, Defendant Angle was speeding, overdriving road conditions, failing to keep a proper lookout, and in violation of other rules of the road as outlined in Paragraphs 13-21 above and as discovery may further reveal.

56. Defendants A & K, Phillips, and/or unknown entities knew, or should have known, that Defendant Angle was operating his tractor/semi-trailer unit in a dangerous manner.

57. The combined acts of the Defendants as set out in this Complaint demonstrates their reckless indifference for which Plaintiffs Heldes are entitled to exemplary damages in an amount to be determined appropriate by a jury.

58. Upon information and belief, Defendants have failed to preserve the evidence requested in the Notice of February 18, 2021. Upon information and belief, such evidence would prove the negligence of Defendants in the acts set out in this Complaint. The failure of Defendants to preserve the evidence is at least reckless, if not willful, wanton, and conceived to avoid or lessen civil liability.

59. These combined acts of Defendants as set out in this action demonstrate reckless indifference for which Plaintiffs Heldes are entitled to exemplary damages in an amount to be determined to be appropriate by a jury.

WHEREFORE, Plaintiffs pray for judgment against the Defendants:

1. For all past and future general and special damages allowed in a survival action under South Dakota law, together with prejudgment interest to the extent allowed by law, in amounts to be determined.

2. For all past and future general and special damages allowed in wrongful death actions on behalf of Donald Helde's children, Charlie "Matt" Helde, Shane Helde, Crystal Helde, and Slade Helde, and all beneficiaries of his Estate, together with prejudgment interest to the extent allowed by the law, in amounts to be determined.

3. For their costs of this lawsuit, including attorneys' fees.

4. For exemplary damages in an amount to be determined by a jury at the time of trial.

5. For such other and further relief as may be just and equitable under the circumstances.

*PLAINTIFFS DEMAND TRIAL BY JURY*

Dated this 10th day of August, 2022.

**BARKER LAW FIRM, LLC**

By: /s/Kenneth E. Barker
Kenneth E. Barker
Attorneys for Plaintiffs
10956 SD Highway 34
PO Box 100
Belle Fourche, SD 57717-0100
Tel:  (605) 723-8000
Fax: (605) 723-8010
kbarker@barkerlawfirm.com

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Matthew Helde, Crystal Helde, Shane Helde, Slade Helde and Estate of Donald Helde, through its PR, Jean Velo

**DEFENDANTS**
A & K Logistics, Inc., Phillips Feed Service, Inc. Bryon K. Angle, and Unknown Defendants A - D,

(b) County of Residence of First Listed Plaintiff  **Stearns**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Northampton**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Kenneth E. Barker, Barker Law Firm, LLC
PO Box 100, Belle Fourche, SD 57717  (605) 723-8000

Attorneys *(If Known)*
William Garry, Cadwell, Sanford, Deibert & Garry, 200 E. 10th St. Suite 200, Sioux Falls, SD 57104

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC §§ 1391 and 1332

Brief description of cause:
Head-on collision caused fatal injuries

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE  8-10-22

SIGNATURE OF ATTORNEY OF RECORD
*Kenneth S Barker*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____